[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Hartford Judicial District operates on a "date certain for trial" system. Under the date certain system, the attorneys are requested to select a trial date mutually agreeable to all counsel. If counsel cannot or do not agree by a report back date — generally two weeks, counsel are instructed that the court will set the trial date which will be equally binding as if they had picked the trial date themselves.
Under the date certain system, the attorneys are informed that being on trial in any other jurisdiction will not be grounds to grant a continuance. The purpose of "date certain" is so all parties can arrange for their experts to testify, bring in witnesses from out of state, if necessary, and spend the time and money to be fully prepared to start trial on the date selected. The old system of marking cases "ready until reached," no longer works in high volume judicial districts.
In the present case, the attorneys, after a pretrial before Schaller, J., on December 12, 1991, were ordered to pick a trial date by February 20, 1992. No report back to court was made by the attorneys as to an agreeable trial date. Following this failure of counsel to pick a mutually agreeable trial date, the court scheduled the trial for July 15, 1992. Notice of this trial date was sent to all counsel on March 6, 1992. (See copy of notice attached).
On July 15, 1992, defendant's counsel made a written request that this trial "go over." The court assumed that the term "go over" was a request for a continuance. The reason given by defendant's attorney, in asking for a continuance, was that he was on trial before a judge in the New Haven Judicial District.
The court denied this request. Defendant's attorney refused to proceed to trial on July 15, 1992 on the instant case, and the court defaulted the defendant for failure to proceed to trial. CT Page 10936
Subsequently, an attorney trial referee heard the case and rendered a report. This appeal followed.
ARONSON, J.